NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2363
_____

AL HAMILTON CONTRACTING COMPANY;
ROCKWOOD CASUALTY INSURANCE COMPANY,

Petitioners

v.

NANCY C. SMEAL (Widow of Leroy C. Smeal);
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

Respondents
_____

On Petition for Review of a Final Order of the
Benefits Review Board, United States Department of Labor
(BRB No. 10-0560 BLA)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2012

Before: SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed: November 19, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Al Hamilton Contracting Company petitions for review of a decision and order of

the Benefits Review Board of the United States Department of Labor awarding survivor's

benefits to Nancy C. Smeal under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* Because Hamilton Contracting raises issues we resolved in *B & G Construction Co., Inc. v. Dir., Office of Workers' Comp. Programs*, 662 F.3d 233 (3d Cir. 2011), we will deny the petition for review.

## I.

Leroy C. Smeal worked as a coal miner for approximately forty-two years. On July 15, 2005, the Department of Labor found Leroy Smeal suffered from totally disabling pneumoconiosis since June 1, 2002, and awarded him lifetime black lung benefits from that date. Leroy Smeal continued receiving those benefits until his death on April 15, 2009.

Nancy Smeal filed a claim for survivor's black lung benefits on May 19, 2009. While Nancy Smeal's claim was pending before the Administrative Law Judge, Congress passed the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1556, 124 Stat. 119 (2010), which amended § 422(*l*) of the Black Lung Benefits Act (30 U.S.C. § 932(*l*)) to restore the provision to its wording from 1977 to 1981.[1] The amended provision provides an automatic entitlement to benefits for survivors of a miner who was eligible to receive black lung benefits at the time of his or her death. On the basis of that amendment, the ALJ awarded survivor's benefits to Nancy Smeal. On April 29, 2011, on the same basis, the Board affirmed the ALJ's decision and order.

---

[1] Congress's 1981 amendment to § 932(*l*) "eliminated survivors' automatic entitlement to benefits for claims filed on or after January 1, 1982." *B & G Constr.*, 662 F.3d at 242.

Hamilton Contracting petitions us for review of the Board's decision, contending the amended 30 U.S.C. § 932(*l*) does not create an automatic entitlement to survivor's benefits absent implementing regulations and, if the provision does create such an entitlement, it violates the Due Process Clause and arguably the Takings Clause of the Fifth Amendment.[2]

## II.

The Board had jurisdiction to review the ALJ's decision under 33 U.S.C. § 921(b)(3). We have jurisdiction under 33 U.S.C. § 921(c), as Leroy's injury occurred in Pennsylvania. "We review the decisions of the Board for errors of law and to assure that it has adhered to its own standard of review. We exercise plenary review over all questions of law." *B & G Constr.*, 662 F.3d at 247 (citations and quotation marks omitted).

Section 932(*l*) provides:

> In no case shall the eligible survivors of a miner who was determined to be eligible to receive benefits under this subchapter at the time of his or her death be required to file a new claim for benefits, or refile or otherwise revalidate the claim of such miner.

30 U.S.C. § 932(*l*). Hamilton Contracting contends this provision merely provides that survivors are not required to file new claims for benefits, not that they are automatically entitled to benefits, even if the decedent had already been awarded benefits. It contends implementing regulations would be necessary to create such an automatic entitlement,

---

[2] Hamilton Contracting does not explicitly mention the Takings Clause, but states "there was no insurance coverage contemplated for the employer in this case." Nonetheless, Respondent Department of Labor addresses the Takings Clause issue. Assuming it was properly raised, we decided this issue in *B & G Constr.*, 662 F.3d at 263.

and Smeal's claim should be held in abeyance until the Department of Labor issues such regulations. Hamilton Contracting also challenges the amendment's constitutionality for unexpectedly taking compensation without providing for individual hearings.

At the time Hamilton Contracting filed its petition, *B & G Construction* was pending before our court. In *B & G Construction*, we considered and resolved the issues Hamilton Contracting raises. We found § 932(*l*) creates an automatic entitlement to benefits for survivors of miners who had been awarded benefits:

> The only reasonable interpretation of section 932(*l*), standing alone, is that survivors of miners who had been determined to be eligible for black lung benefits at the time of their deaths are not required to file new claims for benefits, or to revalidate the claim of the deceased miners. Thus, *a survivor to be entitled to benefits need not establish that pneumoconiosis contributed to a miner's death*.

662 F.3d at 249 (emphasis added). Accordingly, implementing regulations are not necessary to give this provision effect.

In *B & G Construction*, we also resolved the constitutional issues Hamilton Contracting raises. We held § 932(*l*) complies with procedural due process because it does not create an irrebuttable presumption of entitlement to benefits, but instead changes the substantive law to provide survivor's benefits if the miner had been eligible for black lung benefits, even if pneumoconiosis did not cause the miner's death. *Id.* at 254-55 (also explaining the provision would be constitutional even if it created an irrebuttable presumption).

In addition, we held the provision complies with the Takings Clause. *Id.* at 263. Hamilton Contracting appears to contend the amendment to § 932(*l*) interferes with its

investment backed expectations: "there was no insurance coverage contemplated for the employer in this case." In *B & G Construction*, we stated "'[t]hose who do business in the regulated field cannot object if the legislative scheme is buttressed by subsequent amendments,'" *id.* at 262 (quoting *Connolly v. Pension Benefit Guar. Corp.*, 475 U.S. 211, 227 (1986)), and such an objection here is "particularly meritless" because the amendment merely restores the provision to its wording from 1977 to 1981. *Id.*

III.

Hamilton Contracting does not contend we should distinguish *B & G Construction*. On the basis of our well-explained precedent, we will deny the petition for review.

5